**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV301**
**(1:03CR5)**

| | | |
|---|---|---|
| **RAY LEE CASON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to extend the time for filing an appeal of this Court's dismissal of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 entered May 25, 2007.[1]

The Rules of Appellate Procedure provide that

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

---

[1] The Petitioner should seek a certificate of appealability simultaneously with the filing of a notice of appeal.

        (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under [Rule] 77(d) of the entry, whichever is earlier; and
        (C) the court finds that no party would be prejudiced.

**Fed. R. App. P. 4(a)(6).**

The Court denied the Petitioner's § 2255 motion and entered Judgment on May 25, 2007. Because the United States is a party to this litigation, the Petitioner had 60 days in which to file his notice of appeal. *See* **Fed. R. App. P. 4(a)(1)(B).** No notice of appeal was filed.

Petitioner states that he received no notice of the Judgment entered May 25, 2007, because he was being transferred from the federal detention facility in Coleman, Florida, to a facility in Bennettsville, South Carolina. He arrived at the new correctional facility on May 22, 2007, and notified the Court of his change of address. However, the notification did not reach the Court until after the Judgment was issued and mailed to the Petitioner's address in Coleman, Florida, on May 25, 2007. Although the Petitioner does not state when he learned of the Court's Judgment, it appears he did not receive such notification until after the 60-day period to appeal had expired. However, his motion to reopen the time for filing an appeal was filed within the 180-day period provided for in Rule 4(a)(6).

After review of the motion, the Court finds that the Petitioner did not receive notice under Rule 77(d) of the entry of the Judgment dismissing his § 2255 proceeding. The Court further finds that Petitioner's motion to reopen the time to file an appeal was filed within the 180-day period proscribed by Rule 4(a), and the Court finds that granting the Petitioner's motion would cause no prejudice to the Respondent.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to extend time for filing appeal is **ALLOWED**, and the appeal period is hereby extended for 14 days from entry of this Order.

Signed: September 11, 2007

Lacy H. Thornburg
United States District Judge