# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:03-cr-00005-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>　　　　　　Plaintiff, )<br> )<br>　vs. )<br> )<br>RAY LEE CASON, )<br> )<br>　　　　　　Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to modify the Judgment [Doc. 41].

In his motion, the Defendant asks the Court to modify the restitution payments that he is required by the Bureau of Prisons to make through the Inmate Financial Responsibility Program (IFRP). [Doc. 41].

The Bureau of Prisons has the authority to place the Defendant in the IFRP based on the wording contained in the Criminal Judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark,

166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion to alter the Judgment [Doc. 41] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 9, 2015

Martin Reidinger
United States District Judge